Honolulu, February 7, 1884.

---

AKENI *vs.* WONG KA MAU, *et al.*

EXCEPTIONS FROM RULING OF AUSTIN, J.

SPECIAL TERM, DECEMBER, 1883.

McCULLY and AUSTIN, JJ. JUDD, C. J., being interested, did not sit.

The Boundary Commissioner for the Island of Oahu, upon settling the boundaries of the lands of Honouliuli, having, with the assent of all parties, received testimony as to the extent of the fishing rights claimed by the owner of the land, although he refused to award the right as claimed, as a right or as territory:

Held that the owner of an adjoining land, although represented at the hearing, was not estopped from disputing the boundaries of the fishing rights claimed to be shown by such evidence.

OPINION OF THE COURT, BY McCULLY, J.

This case came to the Supreme Court by appeal from the Intermediary Court of Oahu. The original controversy is as to the

line dividing the fishing grounds respectively of the lands of Honouliuli and Waipio, in Pearl River, an extensive loch in the Island of Oahu. The exceptions relate to the ruling of the Court upon the effect of certain proceedings had before the Boundary Commissioner of Oahu. The following are the instructions asked for by the defendant and refused, and the instruction given by the Court:

1. That the plaintiff's lessors are estopped from now disputing the fishing right of Honouliuli, being present and assenting thereto, and the right of Waipio being then passed upon.

2. That if the jury are satisfied that J. Komoikeehuehu was present, he being the co-executor of the Chief Justice, and assenting, or either of them, that such assent to the finding is binding between the owners of Waipio and Honouliuli.

3. That if the jury find that either of them was present, it is strong evidence in favor of the defendants.

Which directions the presiding Judge declined to give, but directed the jury that the lessors of the plaintiff were not bound by the proceedings before the Boundary Commissioner, so far as regarded the fishing rights claimed. And that the case must be decided according to the law governing prescription in this country, as no grant is shown.

A copy of the record of the Boundary Commissioner is attached to the bill of exceptions, and we cite from it as follows:

"The present case is a claim of right of piscary over a navigable bay, or loch, perhaps unlike any other in the Kingdom, and is a claim of exclusive fishing right as to the whole of a certain branch of the part lying outside of a line 'chin deep' opposite the other lands situate on this branch. It is distinguishable from the right claimed, and by statute given to Konohiki with certain reservations—Civil Code, Secs. 387, 392—being a claim as a private and exclusive fishing right as completely as that within his 'chin deep' line is claimed for the lands adjacent."

"I find in repeated instances that the Board declined to award and define piscary rights, leaving parties to their rights under general statutes: e. g., in the award to Kiahua, Vol. 10, p. 50, where the fishing right was surveyed and included in the land asked for, the Board expressly refused to award this portion of

the survey, remitting the claimant to the law, indorsing this refusal both on the notes of survey in the award and on the accompanying plot, and no instances of a contrary practice are shown to me.

"Upon due consideration of the premises, I decline to award the fishery of Honouliuli as a right or as territory, but deeming it of importance that all rights depending on Kamaaina testimony be now settled, as far as may be, and knowing of no better place than the records of the Boundary Commissioner for the preservation of such claims, I take the testimony offered on the subject, and make such a supplementary finding as such testimony warrants.

"Fishing rights of Honouliuli, in Pearl Loch.

"For reasons set forth at large in the record of the Commissioner, the fishing right is not awarded in the body of the certificate of boundaries, but the finding of the Commissioner, on the testimony presented, as well as by the assent of parties adjacent and in interest, is set forth in this supplement, to wit:" * *

We think there is but one sentence in the above citation which colorably supports the proposition of the defendant, viz : the latter part of the last quoted sentence, these words, "the finding of the Commissioner on the testimony presented, as well as by the assent of parties adjacent and in interest, is set forth in this supplement as follows." But these words, even taken by themselves, fall short of a claim to jurisdiction. The finding is called a supplement, and is excluded from that which the Commissioner considered himself authorized to make. The assent of all parties must be taken to mean their assent to taking the testimony, *ex parte*, for preservation, which the owner of Honouliuli wished to present for preservation. But the determination of the Commissioner to take testimony must be considered, in view of what he had above expressed. Nothing can be more explicit and void of uncertainty than these words, "upon due consideration of the premises, I decline to award the fishery as a *right* or as a territory." He gives the authorities and reasoning by which he arrives at this conclusion. How can it be now claimed that a right or territorial line has been awarded by an officer when he has positively declined to make it? And how could the presence

of the representatives of Waipio be held to give assent to something which was not done at all ?

We therefore overrule the exceptions.

*S. B. Dole,* for plaintiff.

*E. Preston* and *Cecil Brown,* for defendants.

February 5, 1884.